## STATE OF MINNESOTA *vs.* PLEAS R. DAVIS.

### March 20, 1876.

Criminal Law—Indictment for Double Voting.—*State* v. *Welch*, 21 Minn., followed and approved.

Same—Indictment Found at Adjourned Term.—It is no valid objection to an indictment that it was found and presented by the grand jury at an adjourned regular term of the court, and after the petit jury had been finally discharged.

Same—Challenge of Grand Jury.—The right to challenge the panel of a grand jury, or any member thereof, is only secured by statute to prisoners held to answer a charge for a public offence.

The defendant was arraigned in the district court for Stearns county upon the following indictment:

[Title.] "Pleas R. Davis is accused by the grand jury of the county of Stearns, by this indictment, of the crime of voting more than once at the same election, committed as follows: Said grand jury, upon their oaths, say that, on the third day of November, A. D. 1874, the annual election for United States, state and county officers was duly held in the town of Getty in said county, said town of Getty then and there constituting one election district in said county; that on the third day of November, A. D. 1874, the annual election for United States, state and county officers was duly held in the town of Sauk Centre, then and there constituting another election district in said county; that at the election aforesaid, at the time aforesaid, at the polls then and there held in the town of Getty as aforesaid, J. H. Bruce, J. A. Walz and G. O. Barlow then and there acted as judges of said election, and David Cleveland and Jas. E. Davis then and there acted as clerks of said election; that at the polls then and there held in the said town of Sauk Centre, C. Truman, F. Bergman and L. M. Thomson then and there acted as judges of said election, and E. Oakford and J. L. Robbins then and there acted as clerks of said election; and that the said Pleas R.

Davis, on tne said third day of November, A. D. 1874, in the county of Stearns aforesaid, did vote once by ballot at said election at the polls so held in the town of Getty as aforesaid, and afterwards, to wit, on the day last aforesaid, in the county aforesaid, the said Pleas R. Davis did vote a second time by ballot at the election aforesaid, to wit, at the polls so held in the town of Sauk Centre as aforesaid.

"And so the grand jury aforesaid do say that the said Pleas R. Davis, on said third day of November, A. D. 1874, at the towns aforesaid, in the county aforesaid, unlawfully and knowingly did vote more than once at the election aforesaid, so held as aforesaid for the election of United States, state and county officers aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

A demurrer to the indictment, on the grounds mentioned in the opinion, was overruled by *McKelvey*, J., whereupon the defendant caused the action to be removed to this court by *certiorari*.

*Oscar Taylor* and *N. H. Miner*, for defendant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J. The objections to the sufficiency of the indictment urged by the plaintiff in error, in his second and third points, are fully answered by the decision of this court, sustaining a similar indictment for a like offence, in the case of *State* v. *Welch*, 21 Minn. 22.

As to his first point, that the indictment was not found and presented by a grand jury having any authority at the time to enquire as to the commission of the offence charged, and to present an indictment therefor, it appears from the record before us that at the regular general term of the district court for Stearns county, then being held, the petit jury was discharged on December 12, 1874, and on the 21st of the same month the said court was adjourned till February 2, 1875, at which time it again convened. On the

4th day of December the grand jury, which had been regularly drawn for such term, and was duly organized and in attendance thereat, having then no further business before it except the usual enquiry into the condition and management of the public prisons and offices of said county, appointed a committee to make the proper investigation and report, and then, by direction of the court, adjourned to meet again on February 2, 1875, the same time to which the court subsequently adjourned. It was at this adjourned term of the court that the indictment in question was found, presented and filed. All the proceedings connected with the adjournments, both of the court and the grand jury, were strictly regular and proper. The grand jury, not having been discharged by the court, retained all its powers and functions, and was still subject to all its sworn duties and obligations; and though at the time of its adjournment there was no business before it except that which occasioned the adjournment, yet, if in the meantime new business arose, properly cognizable by a grand jury, it was its sworn duty to take cognizance of it on its reassembling. The grand jury in this instance had full authority and power to act upon the subject-matter of this indictment, and it was properly found, entitled and presented to a court of competent jurisdiction having authority to receive it.

The objection that there was no petit jury in attendance upon the court at the time is of no avail. There is no statute making such attendance a necessity to the validity of the action of the grand jury.

The accused was not under arrest at the time of the finding of the indictment, nor held to answer a charge for any public offence, and the court was not required to continue its session after such indictment was found, awaiting his arrest upon a bench warrant, in order to give him the benefit of his constitutional right to a speedy trial whenever he might be arrested and brought before the court, in case he should then so desire. The right to interpose a challenge to the

panel of the grand jury, or any member thereof, is only secured by statute to "persons held to answer a charge for a public offence." Gen. St. ch. 107, § 13. The defendant was not in that condition at the time the grand jury in question was empanelled and sworn.

It follows from the foregoing that the indictment in this case is sufficient, and that the court below has full jurisdiction to try the same.

The case is remanded to the district court, with instructions to proceed accordingly.